IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DANNY A. HILLMAN | § | |
| VS. | § | CIVIL ACTION NO. 9:20cv223 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Danny A. Hillman, an inmate confined within the Texas Department of Criminal Justice, Correctional Institution Division, proceeding *pro se*, filed this lawsuit pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

Plaintiff complains of a disciplinary proceeding against him regarding disciplinary report #201902440875. Plaintiff was charged with possession of contraband. Following a disciplinary hearing, he was convicted of the offense. He received the following punishment: (1) forfeiture of 30 days of good conduct time credits; (2) reduction to a classification at which he will earn fewer days of good conduct time credits; (3) reduction to a more restrictive custodial classification and (4) 60 days of cell, commissary and phone restriction.

Plaintiff alleges the disciplinary charge was false and that he did not receive due process of law at his disciplinary hearing. He states the disciplinary hearing officer found him guilty even though the charging officer admitted plaintiff was not the person he saw committing the offense. Plaintiff asserts there was no video or physical evidence to support the conviction and that the hearing officer did not allow him to listen to the audio tape of the hearing.

In addition, Plaintiff contends the disciplinary charge was written with a retaliatory motive. He further alleges his substitute counsel failed to represent him properly. Instead, the substitute counsel screamed at him and threatened him.

Standard of Review

An *in forma pauperis* proceeding shall be dismissed pursuant to 28 U.S.C. § 1915A(b) if it: (1) is frivolous, malicious or fails to state a claim or (2) seeks monetary relief from a defendant who is immune from such relief.

The Supreme Court has considered when a complaint is frivolous. In *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), the Court held "a complaint, containing as it does factual allegations and legal conclusions, is frivolous when it lacks an arguable basis either in law or fact." The Court also states that a claim is legally frivolous under Section 1915 when it is based on "an indisputably meritless legal theory." *Id.* at 327.

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Plaintiffs must state enough facts to "nudge their claims across the line from conceivable to plausible." *Id.*

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and favorably construed to the plaintiff. *Fernandez-Montez v. Allied Pilots Association*, 987 F.2d 278, 284 (5th

Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id.*

Analysis

*False Disciplinary Case*

Plaintiff asserts that the charge of possession of contraband was false. This allegation is construed as asserting a claim for malicious prosecution. A claim of malicious prosecution requires a plaintiff to demonstrate that: (1) the proceeding was instituted without probable cause; (2) the proceeding was brought with malicious intent and (3) the proceeding terminated in his favor. *Armstrong v. Ashley*, 60 F.4th 262, 278 (5th Cir. 2023) (citing *Thompson v. Clark,* 142 S. Ct. 1332, 1338 (2002)).

Plaintiff admits he was convicted of the disciplinary offense with which he was charged. As the proceeding did not terminate in plaintiff's favor, his assertion that the disciplinary case was false fails to state a claim upon which relief may be granted.

*Denial of Due Process*

Plaintiff further alleges he was denied due process of law during the disciplinary proceedings. Prisoners charged with rule violations are entitled to certain due process rights when the disciplinary action results in a sanction that will impose upon a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483-85 (1995). Liberty interests protected by the Due Process Clause are generally limited to freedom from restraints which impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Id.* As a general rule, only sanctions that result in a loss of good conduct time credits for inmates who are eligible for release on

mandatory supervision will impose upon a liberty interest. *Teague v. Quarterman*, 482 F.3d 769, 776 (5th Cir. 2007); *Malchi v. Thaler*, 211 F.3d 953, 985 (5th Cir. 2000).

In his pleadings, plaintiff states he is not eligible for release on mandatory supervision. As a result, he did not have a protected liberty interest in not being required to forfeit previously earned good conduct time credits. Plaintiff's assertion that he was denied due process of law therefore fails to state a claim upon which relief may be granted. *Bagby v. Karriker*, 539 F'Appx 468, 469 (5th Cir. 2013).

*Counsel Substitute*

Plaintiff states his substitute counsel failed to properly perform her duty to represent him during his disciplinary proceeding. Title 42 U.S.C. § 1983 provides that in order to be liable in a civil rights lawsuit, a defendant must act under color of state law. However, a counsel substitute does not act under color of state law. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Plaintiff has therefore failed to state a claim upon which relief may be granted against his substitute counsel.

*Retaliation*

Plaintiff alleges the disciplinary case was written against him with a retaliatory motive. "An action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for different reasons, might have been legitimate." *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). Retaliation, although it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill an individuals's exercise of constitutional rights. *Perry v. Sinderman*, 408 U.S. 593, 597 (1972). However, retaliation is actionable only if the retaliatory act "is capable of deterring a person of ordinary

firmness from exercising his constitutional rights." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008).

To establish a retaliation claim, an inmate is required to prove: (1) he was exercising a specific constitutional right; (2) the defendant intended to retaliate against the inmate for exercising that right; (3) a retaliatory adverse act on the part of the defendant; and (4) causation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). Conclusory allegations are insufficient to support a retaliation claim. *Woods*, 60 F.3d at 1166. The inmate must either produce direct evidence of motivation or allege a chronology of events from which retaliation may be plausibly inferred. *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004). The plaintiff must allege more than his personal belief that he has been the victim of retaliation. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).

While plaintiff asserts the charging officer was retaliating against him when he wrote the disciplinary charge, he has not provided direct evidence of a retaliatory motive. Nor has he stated a chronology of events from which a retaliatory motive may be plausibly inferred. Accordingly, Plaintiff has failed to state a claim for retaliation.

## Recommendation

This lawsuit should be dismissed for failure to state a claim upon which relief may be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 8th day of February, 2024.

_____
Zack Hawthorn
United States Magistrate Judge